UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TINA KEMP,

    Plaintiff,

-vs-                                    CASE NO.:

OAK ROAD DENTISTRY, INC. and
DEMANDFORCE, INC.

    Defendants.
_____/

## COMPLAINT

Plaintiff, TINA KEMP, by and through her undersigned counsel, sues the Defendants, OAK ROAD DENTISTRY, INC. and DEMANDFORCE, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. Text messages are "calls" within the context of the TCPA. *Satterfield* v. *Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009).

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

6. Unlike more conventional advertisements, SMS (Short Message Service) calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

7. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

8. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

9. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

10. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

11. Venue is proper in this District because the Plaintiff resides in this District (Cobb County, Georgia), the phone calls were received in this District, and the Defendants transact business in Cobb County, Georgia.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person, a citizen of the State of Georgia residing in Cobb County, Georgia, and resides in this District.

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant OAK ROAD DENTISTRY, INC. is a Georgia corporation with its principal place of business located at 2176 Oak Road, Suite A, Gwinnett, Snellville, Georgia 30078.

15. Defendant DEMANDFORCE, INC. is a California corporation with its principal place of business located at 909 N. Sepulveda Blvd, 11th Floor, El Segundo, CA 90245 and its Registered Agent located at National Registered Agents, Inc., 818 W. Seventh Street, Suite 930, Los Angeles, California 90017. Defendant regularly transacts business in the State of Georgia.

16. The conduct of Defendants which gives rise to the causes of action herein alleged occurred in this District, Cobb County, Georgia, by the Defendants' sending illegal text messages to Cobb County, Georgia.

17. On or about December 9, 2015, Defendants began bombarding Plaintiff's cellular telephone with text messages asking her to "Reply C to confirm Ashley's appt on Tue, Dec 15 at 9:10 AM. If you have any questions call (770) 985-9559." Plaintiff does not know "Ashley" nor does Plaintiff visit Oak Road Dentistry. Plaintiff has never even been to Oak Road Dentistry.

18. Defendants sent the identical text message to Plaintiff on December 9, 2015 ***over 50 times*** despite Plaintiff responding "STOP" at approximately 10:38 a.m. and 10:43 a.m., and responding "STOP TEXTING ME" at approximately 10:45 a.m. See Exhibit "A" attached hereto.

19. Plaintiff called the phone number provided, which belongs to Oak Road Dentistry, and explained that she was not the correct recipient of the texts. Plaintiff was told that her number had been removed. Despite Plaintiff's repeated requests on December 9, 2015 for the text messages to stop, the text messages continued through the entire day and into the early morning hours of December 10, 2015. See Exhibit "A."

20. The unauthorized text messages continued unabated into the next day, December 10, 2015, beginning during the very early morning hours, at approximately 12:05 a.m., and continuing until approximately 10:23 p.m. that night. Defendants sent the identical text message to Plaintiff ***over 80 times*** on this day. See Exhibit "A."

21. Defendants continued to bombard Plaintiff with text messages through the early morning hours of December 11, 2015. On December 11, 2015, Defendants sent approximately 21 text messages to Plaintiff on this day. See Exhibit "A."

22. In total, Defendants sent Plaintiff approximately 314 unwanted and unauthorized text messages during the three day period of December 9, 2015 to December 11, 2015. See Exhibit "A."

4

23. Shortly thereafter, a representative from DEMANDFORCE, INC. called the Plaintiff to apologize for the bombardment of text messages and offered her $24.00.

24. Defendants knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by texting Plaintiff's cellular telephone numerous times a day from approximately December 9, 2015 through approximately December 11, 2015, with such frequency as can reasonably be expected to harass.

25. Upon information and belief, some or all of the text messages that the Defendants sent to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

26. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (678) ***- 3916, and was the called party and recipient of Defendants' autodialer text messages.

27. The autodialer text messages from Defendants came from the telephone number including but not limited to 770-985-9559 and when that number is called, a voice answers and identifies itself as "Oak Road Dentistry."

28. Defendants have, or should be in possession and/or control of, call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer text messages sent to Plaintiff.

29. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's

cellular telephone in this case, with no way for the texted party and recipient of the texts, or the Defendants, to permit the removal of the incorrect number.

30. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of autodialer text messages well-beyond December 9, 2015, when Plaintiff first advised Defendants to stop texting Plaintiff.

31. Defendants' corporate policies are structured to continue to send unauthorized text messages to individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendants to stop sending the text messages.

32. Defendants' corporate policies provided no means for the Plaintiff to have her cellular number removed from the text message list, or otherwise permit the cessation of and/or suppression of text messages to Plaintiff.

33. Defendants knowingly employed methods and/or have a corporate policy designed to harass and abuse individuals and have set up their autodialers in a manner which makes it virtually impossible for the autodialer text messages to stop.

34. Defendants knowingly employed methods that did not permit the cessation of or suppression of autodialer text messages to Plaintiff's cellular telephone.

35. Due to Defendants' constant bombardment of unauthorized text messages to Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
**(Violation of the TCPA as to Defendant OAK ROAD DENTISTRY, INC.)**

36. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-five (35) above as if fully stated herein.

37. None of Defendant's autodialer text messages sent to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Defendant violated the TCPA with respect to all of its autodialer text messages sent to Plaintiff's cellular telephone number.

39. Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer text messages sent to Plaintiff's cellular telephone after Plaintiff advised Defendant that it had the wrong number and to stop sending the texts.

40. Defendant repeatedly sent non-emergency text messages to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, OAK ROAD DENTISTRY, INC., for statutory damages, punitive damages, actual damages, treble damages, interest, and any other such relief the court may deem just and proper.

### COUNT I
### (Violation of the TCPA as to Defendant DEMANDFORCE, INC.)

41. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-five (35) above as if fully stated herein.

42. None of Defendant's autodialer text messages sent to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

43. Defendant violated the TCPA with respect to all of its autodialer text messages sent to Plaintiff's cellular telephone number.

44.     Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer text messages sent to Plaintiff's cellular telephone after Plaintiff advised Defendant that it had the wrong number and to stop sending the texts.

45.     Defendant repeatedly sent non-emergency text messages to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, DEMANDFORCE, INC., for statutory damages, punitive damages, actual damages, treble damages, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Georgia Bar #: 617963
Attorney for Plaintiff
TGomez@ForThePeople.com