# UNITED STATES DISTRICT COURT
# THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TINA KEMP,<br><br>      Plaintiff,<br><br>v.<br><br>OAK ROAD DENTISTRY, INC. and DEMANDFORCE, INC.<br><br>      Defendants. | Case No. 1:16-cv-00697-ELR |

## ANSWER OF DEFENDANT DEMANDFORCE, INC.

Defendant Demandforce, Inc. ("Demandforce") hereby sets forth its answer and affirmative defenses to Plaintiff's Complaint ("Complaint"). Responding to the individually enumerated paragraphs of the Complaint, Demandforce responds as follows:

## INTRODUCTION

1. Paragraph 1 sets forth prefatory matter as to which neither an admission nor denial is required.

2. Paragraph 2 sets forth legal conclusions as to which neither an admission nor denial is required.

3. Paragraph 3 sets forth legal conclusions as to which neither an admission nor denial is required.

4. Paragraph 4 sets forth legal conclusions as to which neither an admission nor denial is required.

5. Paragraph 5 sets forth legal conclusions as to which neither an admission nor denial is required.

6. Demandforce is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies the same.

7. Demandforce is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

## JURISDICTION AND VENUE

8. Demandforce denies that Plaintiff has suffered damages in excess of $75,000.

9. Demandforce denies that this action involves violations of the TCPA but admits that jurisdiction and venue are proper in this court.

10. Demandforce denies that "this action involves violations of 47 CFR § 227(b)(1)(A)(iii)" but admits that this court has subject matter jurisdiction over

Plaintiff's claims against Demandforce.

11.  Demandforce admits that venue is proper in this District because Defendants conduct business in this District.  Demandforce is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies the same.

## **FACTUAL ALLEGATIONS**

12.  Demandforce is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13.  Paragraph 13 sets forth legal conclusions as to which neither an admission nor denial is required.  Demandforce is without knowledge or information sufficient to form a belief as to the factual predicate of the allegations of the paragraph and therefore denies the same.

14.  Admitted.

15.  Demandforce denies that it regularly conducts business in the State of Georgia but submits to personal jurisdiction over it in this Court for this case alone. Demandforce admits the remaining allegations of Paragraph 15.

16.  Denied.

17.  Demandforce denies the allegations in the first sentence of Paragraph

17. Demandforce is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and therefore denies the same.

18. Demandforce denies that "Defendants sent the identical text message to Plaintiff on December 9, 2015 over 50 times . . . ." Demandforce is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and therefore denies the same.

19. Demandforce is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Demandforce admits that a computer system was used to send a text message to a telephone number that Plaintiff alleges to be assigned to her or over which she claims to have authority. Whether the system constitutes an "automatic telephone dialing system" within the definition of that phrase as used in the TCPA

is a legal conclusion as to which neither an admission nor denial is required. Demandforce denies the remainder of the allegations of Paragraph 25.

26. Demandforce is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27. Demandforce denies that it sent any text messages to Plaintiff from the phone number 770-985-9559. Demandforce is without knowledge or information sufficient to form a belief as to the truth of what happens when that phone number is called and therefore denies the same. Demandforce denies the remaining allegations of Paragraph 27.

28. Demandforce admits that it has certain records related to text messages sent through its systems to the phone number for which Plaintiff claims to be the subscriber and regular user between December 9 and December 11, 2016, including call logs and account notes. Demandforce is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and therefore denies the same.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT I
**(Violation of the TCPA as to Defendant OAK ROAD DENTISTRY, INC.)**

36. Demandforce incorporates by reference its responses to Paragraphs 1-35 as if set forth fully herein.

37. Paragraph 37 sets forth a legal conclusion as to which neither an admission nor denial is required.

38. Denied.

39. Denied.

40. Denied.

## COUNT II
**(Violation of the TCPA as to Defendant DEMANDFORCE, INC.)**

41. Demandforce incorporates by reference its responses to Paragraphs 1-40 as if set forth fully herein.

42. Paragraph 42 sets forth a legal conclusion as to which neither an admission nor denial is required.

43. Denied.

44. Denied.

45. Denied.

Except as expressly admitted herein, Demandforce denies each and every allegation contained in the Complaint and denies that Plaintiff is entitled to any relief on any of its claims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to take reasonable steps to mitigate her claimed damages.

## REQUEST FOR RELIEF

WHEREFORE, Demandforce respectfully requests that this Court: (1) enter judgment in Demandforce's favor on each claim asserted against it in the Complaint; (2) order Plaintiff to pay Demandforce its costs incurred in connection with this action; and (3) grant Demandforce such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of March, 2016.

/s/ David J. Stewart
David J. Stewart
*david.stewart@alston.com*
Georgia Bar No. 681149
Uly S. Gunn
*sam.gunn@alston.com*
Georgia Bar No. 261871
Sarah P. LaFantano
*sarah.lafantano@alston.com*
Georgia Bar No. 734610
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Attorneys for Defendant Demandforce, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Times New Roman font, 14 point type.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed the foregoing ANSWER OF DEFENDANT DEMANDFORCE, INC. via the Court's CM/ECF system, which will automatically give notice to all counsel of record.

I also certify that I have this date served the foregoing ANSWER OF DEFENDANT DEMANDFORCE, INC. on Defendant Oak Road Dentistry, Inc. through its counsel by First Class U.S. Mail to the address below:

> Burke Noble
> DREW ECKL& FARNHAM, LLP
> 880 West Peachtree Street
> Atlanta, GA 30309
> 404-885-1400

This 30th day of March, 2016.

>> /s/ Uly S. Gunn
>> Uly S. Gunn